United States Courts
Southern District of Texas
ENTERED
APR 0 8 2005
Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BILLY WAYNE MORRISON, TDCJ-CID #866614, Petitioner | § § § § | |
| v. | § § | CIVIL ACTION NO. H-04-1637 |
| DOUGLAS DRETKE, Respondent. | § § | |

## MEMORANDUM AND ORDER ON DISMISSAL

State inmate Billy Wayne Morrison has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging a state court felony conviction. After considering the pleadings and the applicable law, the Court concludes that the petition must be dismissed as time-barred under 28 U.S.C. § 2244(d).

On March 12, 1999, petitioner pleaded guilty to aggravated robbery under cause number 748687 in the 180th District Court of Harris County, Texas, and was sentenced to forty years confinement. The state court of appeals affirmed the conviction on June 8, 2000. *Morrison v. State*, No. 01-99-00469-CR (Tex. App. – Houston [1st Dist.] 2000, no pet.). No petition for discretionary review was filed. Petitioner states that his application for state habeas relief was filed on February 5, 2001, and denied on April 25, 2001. *Ex parte Morrison*, WR-49,009-01. Petitioner filed this pending federal petition for a writ of habeas corpus on April 21, 2004, complaining of an involuntary guilty plea.

Petitioner correctly states that this petition is time-barred under the one-year statute of limitations found in 28 U.S.C. § 2244(d). He incorrectly argues, however, that limitations is a procedural bar that can be excused because he is "actually innocent" of the offense to which he pleaded guilty. (Docket Entry No. 1, Brief in Support of Petition for Writ of Habeas Corpus, p. 9.) *See Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002) (holding that claims of actual innocence are not relevant to AEDPA limitations bar and do not justify equitable tolling); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) (holding same). Accordingly, petitioner's petition is untimely and habeas relief is **DENIED**. This case is **DISMISSED** with prejudice.

Petitioner has not made a substantial showing of the denial of a constitutional right. The issues raised here are not debatable among jurists of reason, could not be resolved in a different manner, and do not deserve encouragement to proceed further. *See Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983). A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 7th day of April, 2005.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE